```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

ERNEST BRAGGS,                       :

    Plaintiff,                   :

vs.                                  :     CIVIL ACTION 09-0756-KD-M

DEPARTMENT OF VETERANS AFFAIRS, :

    Defendant.                   :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se and in forma pauperis, filed a Complaint challenging Defendant's decision not to award him "back pay" when he was awarded veterans' benefits. Along with the Complaint Plaintiff filed a Motion to Proceed Without Prepayment of Fees, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[1] Because Plaintiff filed this Motion instead of paying the filing fee, the Court is required under 28 U.S.C. § 1915 to screen the Complaint under 28 U.S.C. § 1915(e)(2)(B). Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions). After carefully screening the Complaint, it is recommended that this action be dismissed without prejudice because the Court lacks subject matter jurisdiction.

---

[1] Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters to a Magistrate Judge.

I.  <u>Nature of Proceedings</u>.

Due to the Complaint's brevity, the majority of its text is set out below.

> Jurisdiction of this Court is invoke pursuant to 28 U.S.C. 1345 and 1348 and the Civil Rights Act of 1964 As Amended and 1866 and the Americans with Disabilities Act of 1990 as Amended
>
> . . . .
>
> I'm a disabled veteran with mental and physical Disabilities.  I received a Pension Award from the Department of Veterans Board of Veteran Appeals in Washington, D.C.  On November 6, 2003 Docket No. 95-2311-6 from my appeal of 1998 in Montgomery, Alabama the VA has intentionally committed Racial profiling, racial deception, racial trickery against me in refusing to honor my award with back pay in violation of Civil Act of 1964 as amended and the American Disabilities of 1990 as amended against me.
>
> <u>Prayer for Relief</u>
> Grant me a injunction to stop V.A. for racial profiling against me. And retaliation for filing this claim.  Grant me my Pension Award of November 6, 2003 with back pay from my appeal of 1998 in Montgomery Ala.  Grant me Punitive damages for V.A. evil Acts against me intentionally refusing to honor my Pension.

(Doc. 1 at 1).  Attached to the Complaint is the response of Executive Office for United States Attorneys (hereinafter "EOUSA") to Plaintiff's letter of September 26, 2009, wherein he complained of the same matters as those contained in his

Complaint.  EOUSA responded by stating that it does not conduct investigations, give legal advice, or represent private citizens and that he should consult an attorney.

Other information relevant to Plaintiff's claim is limited because no documents from the Veterans Administration were provided.  However, in Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2), he states that he receives $693 a month from the Social Security Administration and $376 a month from the Veterans Administration based on a thirty-percent disability.[2]  (Id. at 3).

II.  Analysis.

    A.  Legal Standard.

The Court's first consideration in reviewing any action is whether it has subject matter jurisdiction over the action. United States v. Denedo, ___ U.S. ___, ____, 129 S.Ct. 2213, 2219, 173 L.Ed.2d  1235 (2009).  A federal court is a court of limited of jurisdiction which is authorized by the Constitution

---

[2]Plaintiff's prior actions in this Court are: Braggs v. United States Corps of Engine, CA 86-0381-M (S.D. Ala. July 8, 1988) (docket only indicates an employment claim); Braggs v. Mobile County Health Dept., et al., CA 91-0922-RV-C (S.D. Ala. Sept. 1, 1992) (district court's denial of employment claim was affirmed on appeal); Braggs v. American Red Cross Blood Services, Gulf Coast Region, CA 98-0661-CB-M (S.D. Ala. Jan. 21, 2000) (employment claim was denied by district court and appeal was dismissed for failure to prosecute); Braggs v. Apfel, CA 00-0735-P-S (S.D. Ala. Nov. 1, 2001) (decision of Social Security Commissioner to deny benefits was reversed and remanded to the Commissioner for further proceedings).

3

or Congress to hear only certain types of actions.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).  "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  This inquiry should be done at the earliest stage in the proceedings and sua sponte whenever subject matter jurisdiction may be lacking.  University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted).  "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

It is a plaintiff's responsibility in a federal civil action to set forth in the complaint the basis for the Court's subject matter jurisdiction.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  He "must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends."  Id.; Kirkland Masonry, Inc. v. Comm'r,

4

614 F.2d 532, 533 (5th Cir. 1980) (same).[3]  Furthermore, when a court considers dismissal for lack of subject matter jurisdiction, it accepts the "well-pled facts as true, [but] is not required to accept a plaintiff's legal conclusions." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

When addressing a pro se litigant's allegations, the Court gives them a liberal construction by holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

    B.   Lack of Subject Matter Jurisdiction.

In examining Plaintiff's Complaint the Court is unable to discern a basis for its subject matter jurisdiction.  Plaintiff

---

[3]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

appears to be complaining about the Veterans Administration's November 6, 2003, decision to award him disability benefits that did not include "back payments," that is, retroactive benefits. It is not clear which entity in the process made this decision or if both did.  But the entity's identity is not necessary for this recommendation to be entered, because the type of claim that Plaintiff is bringing controls the disposition.

Claims concerning veterans' benefits are governed by 38 U.S.C. § 511, which provides:

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision or benefits by the Secretary to veterans or the dependents or survivors of veterans.  Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.
>
> (b)  The second sentence of subsection(a) does not apply to –
>
> (1)  matters subject to section 502 of this title;
>
> (2)  matters covered by sections 1975 and 1984 of this title;
>
> (3)  matters arising under chapter 37 of this title; and
>
> (4)  matters covered by chapter 72 of this title.

<u>Id.</u>  Subsection b "provides exceptions to the preclusion review for challenges to rulemaking under 38 U.S.C. § 502, certain

insurance questions under 38 U.S.C. §§ 1975 and 1984, matters relating to housing and small business loans under 38 U.S.C. ch. 37, and review of board of Veterans' Appeals decisions in the Court of Veterans Appeals under 38 U.S.C. ch. 72." <u>Sindram v. United States</u>, 130 Fed. Appx. 456, 458 n.1 (Fed. Cir. 2005) (unpublished).

Section 511 was enacted as part of the Veterans' Judicial Review Act of 1988 (hereinafter "VJRA")that created an exclusive review procedure for the resolution of veterans' disputes. <u>Hicks v. Veterans Admin.</u>, 961 F.2d 1367, 1370 (8th Cir. 1992). "Section 511(a) is designed to (1) ensure that benefits claims will not burden the courts and the VA with litigation, and (2) promote the adequacy and uniformity of complex veterans' benefits decisions." <u>Sugrue v. Dewinski</u>, 26 F.3d 8, 11 (2d Cir.), <u>cert. denied</u>, <u>Sugrue v. Brown</u>, 515 U.S. 1102 (1995).  "Both the text of the statute and [the Act's] extensive legislative history express Congressional intent to construct an exclusive source of review for veterans benefits claims." <u>Beamon v. Brown</u>, 125 F.3d 965, 970 (6th Cir. 1997).  "[U]nder the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court." <u>Hall v. United States Dept. Veterans' Affairs</u>,

85 F.3d 532, 534 (11th Cir. 1996) (noting 38 U.S.C. § 7292 establishes the parameters for review by the Court for the Federal Circuit).  This scheme does not permit review of the denial of veterans' benefits in the federal district courts.  Sugrue, 26 F.3d at 11.

Inasmuch as Plaintiff is complaining about the denial of retroactive benefits, 38 U.S.C. § 511(a) precludes this Court from exercising its subject matter jurisdiction over his claim.  Duke v. United States, 305 F. Supp.2d 478, 490 (E.D. Pa. 2004) (finding the district court was deprived of subject matter jurisdiction over a claim for retroactive benefits because the Act provided the review process for this benefits claim).  Rather than filing an action in this federal district court, Plaintiff should seek review of the decision on his benefits by an entity included in review process created by VJRA.

Nonetheless, Plaintiff appears to be attempting to side-step the statutory review process for veterans' benefits by claiming racial discrimination and asserting other bases for his claim, Civil Rights Act and American with Disabilities Act.  However, Plaintiff "cannot avoid the jurisdictional bar of § 511 by couching his claims in terms of racial discrimination [because t]he statute . . . includes all claims, whatever their bases, as long as the claim is necessary to a decision by the Secretary under a law that affects the provision of benefits by the

Secretary to veterans." Bell v. Hill, 2008 WL 4877862, at *2 (M.D. Ala. Nov. 12, 2008) (citation and quotation marks omitted) (unpublished); see Sugrue, 26 F.3d at 11 ("[T]he courts do not acquire jurisdiction to hear challenges to benefits determination merely because those challenges are cloaked in constitutional terms."); Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1501 (2d Cir. 1992) (This statutory scheme "amply evinces Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in this exclusive appellate review scheme."). Accordingly, Plaintiff does not have separate claims under 42 U.S.C. §§ 1983 (Civil Rights Act) and 12101 (Americans with Disabilities Act) that this Court may review because a claim for veterans' benefits based on those sections is subsumed into his claim that can only be addressed by the exclusive veterans' benefits review scheme.

In addition, Plaintiff's reference to 28 U.S.C. §§ 1345 and 1348 is inappropriate because these statutes provide jurisdiction over actions brought by the United States. And 42 U.S.C. § 1866, which concerns the National Science Foundation, is not relevant to this action.

IV.  Conclusion.

Based upon the foregoing reason, it is recommended that this action be dismissed without prejudice because the Court lacks subject matter jurisdiction. Plaintiff is advised that he may

9

file an objection to this Report and Recommendation and that, if he does, he should include in his objection all matters that he wants to bring before the Court.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the

---

[4]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

      objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      DONE this 19th day of January, 2010.

                                         s/BERT W. MILLING, JR.
                                         UNITED STATES MAGISTRATE JUDGE